# RAYMOND A. O'HARA, P.C.
### ATTORNEY AT LAW

PHONE: 508 831-7551
Fax: 508 755-3042
Email: oharalaw@hotmail.com

ONE EXCHANGE PLACE
WORCESTER, MASSACHUSETTS 01608

ABOGADO BILINGÜE
LICENSED IN MASSACHUSETTS
AND NEW JERSEY

Leonardo Navarro, Paralegal
Karen Manowitz, Adjuster

March 23, 2006

## CERTIFICATE OF TITLE

### 342 HATHAWAY BOULEVARD, UNIT 35, NEW BEDFORD, MASSACHUSETTS

I am an attorney, duly licensed by the Commonwealth of Massachusetts, and a former Assistant Clerk of the Norfolk County Land Court.

I have examined the title to the property located at 342 HATHAWAY BOULEVARD, UNIT 35, New Bedford, Massachusetts, by examining the on-line Grantor/Grantee Index for the Bristol County Registry of Deeds, Southern Division.

In my opinion the property is owned by Jesus Mendoza, Maria Diaz and Jonathan Matos. Mr. Mendoza, Ms. Diaz and Mr. Matos took title to the property by means of a deed from Antonio Diaz on March 16, 2005, recorded with the Bristol County Registry of Deeds, Southern Division at Book 7458, Page 181.

The property is currently encumbered by a mortgage running in favor of the Option One Mortgage Company on March 16, 2005 in the amount of $111,750.00. The mortgage is recorded with the Bristol County Registry of Deeds, Southern Division, at Book 7458 Page 183.

Payoff figures from the bank on this date indicate a balance due on the principal of the mortgage of $110,992.18. A recent contemporary market analysis conducted by Jose S. Castelo Real Estate indicates that the property has a fair market value of $125,000, leaving an equity balance of approximately $14,000.

There appear to be no other encumbrances on the property.

Raymond A. O'Hara
MA BBO# 546366

# ERA Jose S. Castelo Real Estate

| 1815 Acushnet Avenue | 701 Dartmouth Street | 744 Plymouth Avenue |
| New Bedford, MA 02746 | South Dartmouth, MA 02748 | Fall River, MA 02722 |
| Tel: (508) 995-6291 | Tel: (508) 997-3459 | Tel: (508) 674-7070 |
| Fax: (508) 998-7170 | Fax: (508) 997-3395 | Fax: (508) 674-6776 |



Price Opinion

February 20, 2006

Prepared for:
Mr. Jesus Mendoza
Mrs. Maria M. Diaz
177 Shawmut Avenue
New Bedford, MA 02740

Property:
342 Hathaway Blvd, Unit #35, New Bedford, Massachusetts 02740, being a Condominium. Recorded at the Bristol County Registry of Deeds in Book 7458, Page 181, Plot 82, Lot 9P. After an inspection of the above property, it is in my opinion that the Market Value is: $125,000.00 (One Hundred Twenty-Five Thousand Dollars and No Cents).

I, Luis Amado, Sales Associate of ERA Castelo Real Estate, Inc., further state that to the best of my knowledge and belief, the evaluation contained in this price opinion is correct. No liability is assumed for soundness of structural members since no engineering tests were made of the same.

Thank you very much for the privilege of serving you.

Sincerely,

Luis Amado
Sales Associate

BK 8055 PG 247
03/23/06 11:14 DOC. 8667
Bristol Co. S.D.

## MORTGAGE

THIS MORTGAGE is made this 23rd day of March, 20 06, between Jesus Mendoza, Maria Diaz and Jonathan Matos, presently residing at 342 Hathaway Blvd., #35, New Bedford, MA (herein "Mortgagor(s)"), and the Clerk of the United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for Ramon Diaz (herein "Defendant"), in Criminal No. 04-CR-10237-NMG, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of Fourteen thousand and 00/100 ($14,000.00) Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated March 23, 2006, 20 ___, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of Bristol S.D., Commonwealth of Massachusetts, and more particularly described in the following deed:

#13- 342 Hathaway Blvd. New Bedford MA

A deed from Antonio Diaz to Juan Diaz, Maria Diaz and Jonathan Matos dated March 16, 2005, 20___, and recorded in the Bristol S.D. County Registry of Deeds at Book 7458, Page 181;

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

Return to: Raymond A. O'Hara, Esq.
1 Exchange Place
Worcester, MA 01608

-2-

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1. That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and

Constituted the attorney irrevocable of the Mortgagor)(s) to
execute and delier to said purchaser a full transfer of all
policies of insurance on the property at the time of such sale.

10.  That the holder of this Mortgage, in any action to foreclose
it , shall be entitled to the appointment of a receiver.

11.  Nothwithstanding any other agreement between the Mortgagor(s)
and the Mortgagee(s), or any provision of law, the Mortgagoee(s) shall not
be required to discharge this Mortgage except upon order of the Court.
it shall be the boligation of the Mortgagor(s) to furnish
mortgagee(s) with a certified copy of said order.

IN WITNESS WHEREOF,  this mortgage has been duly executed by the
Mortgagors(s).

WITNESS our hands and seals this _21_ of March, 2006.

_____
Jesus Mendoza

_____
Maria Diaz

_____
Jonathan Matos

## COMMONWEALTH OF MASSACHUSETTS

Bristol, SS

On this _21_ of _March_, 200_6_ , before me, the undersigned notary public, personally appeared Jesus Mendoza, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' licenses, to be the person whose name is signed on the preceding or attached document in my presence.

_____
NOTARY PUBLIC

My Commission Expires:

July 16, 2010

COMMONWEALTH OF MASSACHUSETTS

Bristol, SS

On this 21 of March, 2006, before me, the undersigned notary public, personally appeared Maria Diaz, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' licenses, to be the person whose name is signed on the preceding or attached document in my presence.

_____
NOTARY PUBLIC

COMMONWEALTH OF MASSACHUSETTS

Bristol, SS

On this 21 of March, 2006, before me, the undersigned notary public, personally appeared Jonathan Matos, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' licenses, to be the person whose name is signed on the preceding or attached document in my presence.

_____
NOTARY PUBLIC

My Commission Expires:
July 16, 2010

## ESCROW AGREEMENT

ESCROW AGREEMENT entered into this _23rd_ day of _March 2006_ among **Jesus Mendoza, Maria Diaz and Jonathan Matos** (herein "Surety"), Michael J. Sullivan, in his official capacity as United States Attorney for the District of Massachusetts (herein "United States Attorney"), and Sarah A. Thornton, in her official capacity as Clerk of the United States District Court for the District of Massachusetts (herein "Escrow Agent")

WHEREAS the Surety is desirous of effecting the release of **Ramon Diaz** (herein "Defendant") in Criminal No.**04-CR-10237 NG** on the terms and conditions of bail set forth in an Order Setting Conditions of Release (herein "Bail Order") dated _3/27/06_, and entered by the Honorable Nancy␣␣. Gertner, United States District Judge/Magistrate Judge, and has agreed to execute a personal bond in the amount of Five Hundred Thousand ($500,000.00) Dollars (herein "Personal Bond") to secure the Defendant's compliance with the terms and conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

1. The Surety shall execute a quitclaim deed to the parcel of real property located at **342 Hathaway Boulevard, Unit 35, New Bedford, Massachusetts** in favor of the United States of America, and deliver said deed to the Escrow Agent to be held in escrow pursuant to the terms of this Agreement.

2. The Surety further agrees to execute any additional documents and take any action necessary to effectuate the transfer of said parcel of real property and facilitate the sale of such property in the event that the Defendant is in default of the terms and conditions of the Bail Order or Personal Bond.

3. The Escrow Agent shall hold the quitclaim deed in escrow under the following terms and conditions:

    A.    In the event that the Defendant fails to appear as required at all proceedings in Criminal No. **04CR10237 NG** or otherwise violates any condition of bail, and Defendant is declared to be in default by a judicial officer of the United States District Court for the District of Massachusetts, then, upon order of the Court, and in lieu of or in addition to foreclosure proceedings on any mortgage granted by the Surety, the Escrow Agent shall tender the quitclaim deed to the United States Attorney, and he shall cause the same to be immediately recorded without notice to the Surety. Any requirement that foreclosure proceedings be commenced upon any mortgage granted by the Surety in connection with Criminal No. **O4 CR 10237 NG** is expressly waived by the Surety.

   B.   This Agreement shall terminate upon the final disposition of Criminal No. 04CR 10237 NMG and written discharge of the bond provided to the Surety by the United States of America. Upon such termination, and upon order of the Court, the Escrow Agent shall deliver the quitclaim deed to the Surety.

5. The validity and construction of this Agreement shall be governed by the law of the Commonwealth of Massachusetts.

6. This Escrow Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns and personal representatives.

IN WITNESS WHEREOF, the parties here have caused this Agreement to be executed as of the date first written above.

ESCROW AGENT:                               SURETY:

SARAH A. THORNTON,
CLERK OF COURT

By: *M. Malloy*                             *Jesus Mendoza*
    Deputy Clerk                            Jesus Mendoza

MICHAEL J. SULLIVAN,
UNITED STATES ATTORNEY                      *signature*
                                            Maria Diaz

By:   *signature*
      Asst. U.S. Attorney                   *Jonathan Matos*
                                            Jonathan Matos

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

On this 21 of March, 2006, before me, the undersigned notary public, personally appeared Jesus Mendoza, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' license, to be the person whose name is signed on the preceding or attached document in my presence.

_Sherrie G. Silva_
NOTARY PUBLIC

My Commission Expires: July 16, 2010

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

On this 21 of March, 2006, before me, the undersigned notary public, personally appeared Maria Diaz, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' license, to be the person whose name is signed on the preceding or attached document in my presence.

_Sherrie G. Silva_
NOTARY PUBLIC

My Commission Expires: July 16, 2010

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

On this 21 of March, 2006, before me, the undersigned notary public, personally appeared Jonathan Matos, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' license, to be the person whose name is signed on the preceding or attached document in my presence.

_Sherrie G. Silva_
NOTARY PUBLIC

My Commission Expires: July 16, 2010

# QUITCLAIM DEED

We, Jesús Mendoza, María Díaz of 177 Shawmut Avenue, New Bedford, Bristol County, Massachusetts AND Jonathan Matos of New Bedford Massachusetts for consideration of $1.00 and other valuable consideration paid, grant to The UNITED STATES OF AMERICA, with *quitclaim covenants*, the property and the buildings thereon located at Unit 35, 342 Hathaway Boulevard, New Bedford, Bristol County., Massachusetts, and more particularly bounded and described as follows:

The property located in New Bedford, Bristol County, Massachusetts, in the Sintra Heights Condominium, created by Master Deed dated March 31, 1988 and recorded with Bristol (South) Registry of Deeds in book 2115, Page 140, as amended, being Unit *35*, together with an undivided interest appertaining to said Unit in the Common Areas and Facilities of said Condominium, all as shown on plans recorded simultaneously with the Master Deed and with amendments thereto.

The Premises are conveyed subject to and together with the benefit of(a) the Provisions of Massachusetts General Laws, Chapter 183A as the same may now or hereafter be amended; (b) provisions of the Sintra Heights Condominium Trust recorded with said Deeds at book 2115 Page 163, any amendments to the same and any by-laws and rules and regulations from time to time adopted thereunder, (c) easements, restrictions, and provisions of the Master Deed and amendments thereto, and all matters of record stated or referred to in said Master Deed and amendments thereto.

For title reference see deed recorded in book 7458 page 181 March 18, 2005 in the Bristol County Registry of Deeds.

WITNESS our hands and seals this 21 of March, 2006.

_____
Jesus Mendoza

_____
Maria Diaz

_____
Jonathan Matos

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

On this 21 of March, 2006, before me, the undersigned notary public, personally appeared Jesus Mendoza, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' license, to be the person whose name is signed on the preceding or attached document in my presence.

*Sherrie G. Silva*
NOTARY PUBLIC

My Commission Expires: July 16, 2010

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

On this 21 of March, 2006, before me, the undersigned notary public, personally appeared Maria Diaz, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' license, to be the person whose name is signed on the preceding or attached document in my presence.

*Sherrie G. Silva*
NOTARY PUBLIC

My Commission Expires: July 16, 2010

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

On this 21 of March, 2006, before me, the undersigned notary public, personally appeared Jonathan Matos, proved to me through satisfactory evidence of identification, which was, Massachusetts Drivers' license, to be the person whose name is signed on the preceding or attached document in my presence.

*Sherrie G. Silva*
NOTARY PUBLIC

My Commission Expires: July 16, 2010