UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  04-CR-10237-NG |
| | ) | |
| JONATHAN MATOS AND | ) | |
| RAMON DIAZ | ) | |

**GOVERNMENT'S REQUESTS**
**FOR JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits its requests for jury instructions in the above-captioned action.  The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Kimberly P. West
     KIMBERLY P. WEST
     DONALD L. CABELL
     Assistant U.S. Attorneys
     (617) 748-3176

CERTIFICATE OF SERVICE

    I, Kimberly P. West, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing in hand upon counsel for the defendants this day, May 23, 2006.


/s/ Kimberly P. West
KIMBERLY P. WEST
Assistant U.S. Attorney

## TABLE OF CONTENTS

**Preliminary Instructions**

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . 2

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME . . . . . . . . . 3

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES . . . . . . . 6

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . 9

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . 10

NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . 12

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . 13

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . 15

**Final Instructions**

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . 17

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT . . 18

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . 20

DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES . . . . . . . 21

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . 23

CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS
        OF EVIDENCE . . . . . . . . . . . . . . . . . . . . 25

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . 26

CAUTION AS TO COOPERATING WITNESS TESTIMONY . . . . . . . . 28

EXPERT TESTIMONY . . . . . . . . . . . . . . . . . . . . . 29

EVIDENCE OF DEFENDANT'S PRIOR BAD ACTS . . . . . . . . . . . 30

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . 31

INDICTMENT - MULTIPLE COUNTS . . . . . . . . . . . . . . . . 32

COUNT I - CONSPIRACY GENERALLY . . . . . . . . . . . . . . . 34

COUNT I - 21 U.S.C. §846 . . . . . . . . . . . . . . . . . 35

CONSPIRACY - TIME PERIOD . . . . . . . . . . . . . . . . 38

EXISTENCE OF THE CONSPIRACY . . . . . . . . . . . . . . 39

MEMBERSHIP IN THE CONSPIRACY . . . . . . . . . . . . . 41

ACTS AND DECLARATIONS OF CO-CONSPIRATORS . . . . . . . . 43

COUNT II - 21 U.S.C. §841(a)(1) and 2 . . . . . . . . . . 45

POSSESSION . . . . . . . . . . . . . . . . . . . . . . 47

INTENT TO DISTRIBUTE . . . . . . . . . . . . . . . . . 49

AIDING AND ABETTING . . . . . . . . . . . . . . . . . . 51

COUNT III - 18 U.S.C. §924(c)(1)(A) . . . . . . . . . . . 53

COUNT III - PINKERTON LIABILITY . . . . . . . . . . . . 56

COUNT IV - 18 U.S.C. §922(g)(1) . . . . . . . . . . . . 58

COUNT IV - PRIOR FELONY CONVICTION . . . . . . . . . . . 59

PROOF OF KNOWLEDGE . . . . . . . . . . . . . . . . . . 60

COUNT IV - INTERSTATE COMMERCE . . . . . . . . . . . . . 61

LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE . . . 63

"ON OR ABOUT" and "IN OR ABOUT" - EXPLAINED . . . . . . . . 64

FOREPERSON'S ROLE; UNANIMITY . . . . . . . . . . . . . 65

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . 66

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . 67

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . .69

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . 70

# PRELIMINARY

# INSTRUCTIONS

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations. It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.01 (1998).

1

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys Kimberly West and Donald Cabell.  There are two defendants in this case.  Defendant JONATHAN MATOS is represented by Sean Hurwitz.  Defendant RAMON DIAZ is represented by Ray O'Hara.

The defendants have been charged in an four count Indictment. Defendant MATOS is charged with three federal crimes, and Defendant DIAZ is charged with four federal crimes, which I will describe in a moment.

The charges against the defendants are contained in the Indictment.  The Indictment is simply a description of the charges against them; it is not evidence of anything.  The defendants pleaded not guilty to the charges and deny committing the crimes.  The defendants are  presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven each defendant's guilt beyond a reasonable doubt.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 1.02 (1998)

2

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

The defendants, JONATHAN MATOS and RAMON DIAZ, have been charged by the government with violations of federal law. The charges are as follows:

**COUNT I** charges Defendants Jonathan Matos and Ramon Diaz with conspiracy to possess cocaine with intent to distribute, from on or about December 4, 2003 to on or about February 26, 2004;

The government must prove beyond a reasonable doubt, the following elements:

    **First**:    that from on or about December 4, 2003 to on or about February 26, 2004, the agreement specified in the indictment, and not some other agreement or agreements, existed between the defendants, to possess with intent to distribute or to distribute cocaine; and

    **Second**:    that the defendant willfully joined in that agreement.

**COUNT II** charges Defendants MATOS and DIAZ with possession of cocaine with intent to distribute cocaine, on or about February 26, 2004, and aiding and abetting that crime;

The government must prove beyond a reasonable doubt, the following elements:

    **First:**    that on or about February 26, 2004, the defendant possessed cocaine, either actually or constructively;

    **Second:**    that he did so with a specific intent to distribute the cocaine over which he had actual or constructive possession; and

    **Third:**    that he did so knowingly and intentionally.

Alternatively, the government may prove beyond a reasonable doubt that one or both of the defendants aided and abetted the possession with intent to distribute cocaine by proving:

    **First:**    someone else possessed cocaine with intent to distribute it; and

    **Second:**    the defendant willfully associated himself in some

3

way with the crime and willfully participated in
it as he would in something he wished to bring
about.

**COUNT III** charges Defendants MATOS and DIAZ with possession of a
firearm in furtherance of a drug trafficking crime, on or about
February 26, 2004;

The government must prove beyond a reasonable doubt, the
following elements:

|  |  |
|---|---|
| **First:** | **Either:** a) that the defendant committed the crime of conspiring to possess cocaine with the intent to distribute it from on or about December 4, 2003 to on or about February 26, 2004, as described in Count I of the Indictment; **or** b) he committed the crime of possession of cocaine with intent to distribute it on or about February 26, 2004, or aiding and abetting that offense, as described in Count II of the Indictment; and |
| **Second:** | **Either**: a) that during and in relation to the commission of the crime charged in Count I or Count II, the defendant knowingly used or carried a firearm; **or** b) that the defendant knowingly possessed a firearm in furtherance of the crime charged in Count I or Count II. |

Alternatively, if one of the defendants did not actually possess
the firearm himself, the government may prove this crime beyond a
reasonable doubt by proving:

|  |  |
|---|---|
| **First:** | That the defendant and one or more other persons committed the crime charged in Count I, a conspiracy to possess with intent to distribute cocaine; |
| **Second**: | That one or more other persons that committed the conspiracy crime charged in Count I also committed the crime charged in Count III, by possessing the firearm in furtherance of the conspiracy; |
| **Third**: | That the crime of possessing the firearm in furtherance of the conspiracy was committed in furtherance of the common plan and understanding found by you to exist among the co-conspirators; |
| **Fourth**: | That the defendant was a member of the conspiracy at the time the possessing the firearm occurred and had not withdrawn from it; and |

4

**Fifth:**     That the defendant could have reasonably foreseen that the crime of possessing the firearm in furtherance of the conspiracy might be committed by one or more of his co-conspirators.

**COUNT IV** charges just Defendant DIAZ with possession of a firearm and ammunition by a convicted felon on or about February 26, 2004.

The government must prove beyond a reasonable doubt, the following elements:

**First:**     That, at the time of possession, the defendant RAMON DIAZ was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**Second:**     That the defendant RAMON DIAZ knowingly possessed a firearm or ammunition; and

**Third:**     That such possession was in or affecting commerce.

You should understand, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.04 (1998).

5

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers

6

representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and  "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or

7

infer another fact.  You may consider both direct and
circumstantial evidence.  The law permits you to give equal
weight to both, but it is for you to decide how much weight to
give to any evidence.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.05
(1998).

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.06 (1998).

9

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to

you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07 (1998).

**NOTE-TAKING**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however.  First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.  If you would prefer not to take notes at all but simply to listen, please feel free to do so.  Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said.  Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  Please take your notes to the jury room at every recess.  I will have the courtroom deputy collect them at the end of each day and place them in the vault.  They will then be returned to you the next morning.  When the case is over, your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.08(1998).

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, each defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against each defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, each defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so. I remind you that each defendant is presumed innocent, and the government must prove the guilt of each defendant beyond a reasonable doubt. A defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the

13

government and the defense will each be given time for their
final arguments.  I just told you that the opening statements by
the lawyers are not evidence.  The same applies to the closing
arguments.  They are not evidence either.  In their closing
arguments the lawyers for the government and each defendant will
attempt to summarize and help you understand the evidence that
was presented.

The final part of the trial occurs when I instruct you about
the rules of law that you are to use in reaching your verdict.
After hearing my instructions, you will leave the courtroom
together to make your decisions.  Your deliberations will be
secret.  You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.09
(1998).

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and one or more defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

# FINAL

# INSTRUCTIONS

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.01 (1998).

17

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you, JONATHAN MATOS and RAMON DIAZ, have the benefit of that presumption throughout the trial, and you are not to convict either of them of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that JONATHAN MATOS and RAMON DIAZ are guilty of the crime or crimes with which each is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  Each defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the
evidence, you have a reasonable doubt as to a defendant's guilt
of a particular crime, it is your duty to acquit him of that
crime.  On the other hand, if after fair and impartial
consideration of all the evidence, you are satisfied beyond a
reasonable doubt of either or both of the defendant's guilt of a
particular crime, you should vote to convict them.


First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02
(1998).

**DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY**

JONATHAN MATOS and RAMON DIAZ each have a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that a defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.03 (1998).

20

### DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial.  That is the power to draw inferences.

There are two types of evidence which you may use to determine the facts of a case:  direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Drawing inferences is something you do every day.  Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

21

Some inferences may be consistent with guilt, and some may be consistent with innocence.  When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- when it has not been proven in that fashion, you must use your collective and general knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence.  Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

You are entitled to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.  Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 and
   3.05 (1998);
United States v. Clifford, 979 F.2d 896 (1st Cir. 1992);
United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992);
United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir.
   1992).

## CREDIBILITY OF WITNESSES

As the jury, you alone decide the weight, the effect, and the value of the evidence and the credibility, that is, the believability, of the witnesses.  You do not have to accept the testimony of any witness if you find the witness not believable. You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the

23

effect of a discrepancy, however, always consider whether it

pertains to a matter of importance or an insignificant detail and

consider whether the discrepancy results from innocent error or

from intentional falsehood.


First Circuit Pattern Jury Instructions (Criminal) Inst. 3.06
(1998);
1A Kevin F. O'Malley et al., Federal Jury Practice and
Instructions, § 15.01 (5th ed. 2000).

**CAUTIONARY AND LIMITING INSTRUCTIONS
AS TO PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.07 (1998).

25

### WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.

26

I caution you, as I have before, that the fact that these
defendants have been indicted is no evidence whatsoever of their
guilt.  The Indictment is simply an accusation.  It is the means
by which the allegations and charges of the government are
brought before this court.  The Indictment proves nothing.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.08
(1998).

## CAUTION AS TO COOPERATING WITNESS TESTIMONY

You have heard the testimony of a number of witnesses who provided evidence under agreements with the government; two of those witnesses also participated in the crimes charged against the defendants. Some people in this position are entirely truthful when testifying. Still, you should consider this testimony with care and caution. When evaluating the credibility of such a witness, you may consider whether, to be helpful to law enforcement, he had reason to make up stories or exaggerate what others did.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.07 (1998)(adapted).

28

**EXPERT TESTIMONY**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, consider the factors that generally bear upon the credibility of a witness as well as the expert's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.06 (1998).

29

### EVIDENCE OF DEFENDANT'S PRIOR ACTS

You have heard evidence that defendant RAMON DIAZ previously committed acts similar to those charged in this case.  You may not use this evidence to infer that, because of his character, RAMON DIAZ must have carried out the acts charged in this case.

You may consider this evidence only for the limited purpose of deciding: (1) whether RAMON DIAZ  had the state of mind or intent necessary to commit the crimes charged in the Indictment; (2) whether he had a motive or opportunity to commit the acts charged; (3) whether he acted according to a plan or in preparation for commission of a crime; or (4) whether he committed the acts he is charged with by accident or mistake.

Remember that these are the only purposes for which you may consider evidence of RAMON DIAZ prior similar acts.  Even if you find that he may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that he committed the acts charged in this case.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.05 (1998).

30

**PUNISHMENT**

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide. The jury should make its decision as to whether a defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

Fifth Circuit Pattern Jury Instructions (Criminal) § 1.20 (1997); 1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 20.01 (5th ed. 2000).

31

## INDICTMENT – MULTIPLE COUNTS

Now I turn to the indictment and the statutes on which it is based.  First, I remind you that an indictment is not evidence of any kind against a defendant.  An indictment may allege more than one charge against a defendant; and when it does, the different charges are stated separately in what we call counts.  The charges in the Indictment in this case are set forth in four counts:

**COUNT I** charges Defendants JONATHAN MATOS and RAMON DIAZ with conspiracy to possess cocaine with intent to distribute, from on or about December 4, 2003 to on or about February 26, 2004;

**COUNT II** charges Defendants MATOS and DIAZ with possession of cocaine with intent to distribute, on or about February 26, 2004, and aiding and abetting that crime;

**COUNT III** charges Defendants MATOS and DIAZ with possession of a firearm in furtherance of a drug trafficking crime, on or about February 26, 2004;

**COUNT IV** charges just Defendant DIAZ with possession of a firearm by a convicted felon on or about February 26, 2004.

The defendants have pleaded "not guilty" to each charge contained in the indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond a reasonable doubt for each defendant.

You must give separate consideration to each of the eight separate charges.  That is, you must consider each count separately, weighing separately the evidence as it bears against the defendant.

Adapted from 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§ 11.08 and 11.09 (3rd ed. 1977).

## COUNT I: CONSPIRACY GENERALLY

A conspiracy is an agreement or mutual understanding, knowingly made or knowingly entered into by at least two people, to violate the law through some joint or common plan or course of action.  The gist of the offense is a combination, or an agreement, to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 -- that is, conspiring to possess with intent to distribute or conspiring to distribute cocaine -- is separate from the crime of actually possessing with intent to distribute cocaine. The law refers to the goal of the conspiracy -- in this case, the distribution, or possession with intent to distribute, cocaine -- as the substantive crime.

Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶19.01 (1993).  <u>See also</u> <u>United States v. Flores-Rivera</u>, 56 F.3d 319, 324 (1st Cir. 1995)(elements of conspiracy to import cocaine established, absent actual importation of cocaine, where there was knowing and voluntary participation in conspiracy, and intent to effectuate object of conspiracy), <u>citing</u>, <u>United States v. Piper</u>, 35 F.3d 611, 615 (1st Cir. 1994), (defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense.  A defendant need not have had the intent to personally commit the substantive crime.")

34

**COUNT I:   CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND
            TO DISTRIBUTE COCAINE
            21 U.S.C. § 846**

Defendants JONATHAN MATOS and RAMON DIAZ are charged in Count

One of the Indictment with conspiracy to possess cocaine with

intent to distribute.

Count I reads as follows:
From on or about December 4, 2003, and continuing until on or
about February 26, 2004, at New Bedford and elsewhere in the
District of Massachusetts, and in Rhode Island,

JONATHAN MATOS and RAMON DIAZ,

defendants herein, did knowingly and intentionally combine,
conspire, confederate and agree, with each other to possess with
intent to distribute and to distribute a quantity of cocaine, a
Schedule II controlled substance, in violation of Title 21, United
States Code, Section 841(a)(1).
All in violation of Title 21, United States Code, Section 846.

For you to find the defendants guilty of conspiracy, you must

be convinced that the government has proven both of the following

things beyond a reasonable doubt:

**First**:        that the agreement specified in the
                  indictment, and not some other agreement or
                  agreements, existed between the defendants, to
                  possess with intent to distribute or to
                  distribute cocaine; and

**Second**:       that the defendant willfully joined in that
                  agreement.

A conspiracy is an agreement, spoken or unspoken.  The

conspiracy does not have to be a formal agreement or plan in which

everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those

who were involved shared a general understanding about the crime.

35

Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

Acting "willfully" means acting voluntarily and intelligently and with the specific intent that the underlying crime be committed -- that is to say, with bad purpose, either to disobey or disregard the law -- not acting by ignorance, accident or mistake.   The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy:  an intent to agree, and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not enough alone, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in the agreement must be based upon evidence of his own words or actions.  You need not find that a defendant agreed specifically to, or knew about all the details of, the crime, or knew every other co-conspirator, or that he participated in each act of the agreement, or played a major role, but the government must prove beyond a reasonable doubt that a defendant knew the essential features and general aims of the venture.  Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government

36

proves that he willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the crime to possess with intent to distribute or to distribute cocaine.

I instruct you as a matter of law that cocaine is a Schedule II controlled substance, as that phrase is used in the Indictment.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.03 (1998).

37

## CONSPIRACY - TIME PERIOD

The Indictment alleges that the conspiracy charged in Count I continued from on or about December 4, 2003 through on or about February 26, 2004.  In determining whether each defendant conspired as charged, you need not find that the conspiracy existed during the entire period charged, or that the defendant was a member of the conspiracy during the entire period charged. It is sufficient that you find that the conspiracy was in existence for any period of time in or around the period alleged in the indictment, and that the defendant was a member of the conspiracy during some portion of that period.

United States v. Hathaway, 534 F.2d 386, 401 n.19 (1st Cir.), cert. denied, 426 U.S. 819 (1976); United States v. Postma, 242 F.2d 488, 496-97 (2d Cir.) (per curiam), cert. denied, 354 U.S. 922 (1957).

38

## EXISTENCE OF THE CONSPIRACY

In your consideration of the conspiracy offense as alleged in the Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged.

To establish the existence of a conspiracy, the evidence need not show that the conspirators entered into any express or formal agreement, or even that they directly, by spoken or written words, stated between themselves just what their object or purpose was, or the details of the scheme, or the means by which they would succeed.  It is sufficient if an agreement is shown by conduct evidencing a silent understanding to share a purpose to violate the law.  A conspiracy is, by its very nature, usually secret in its origin and in its execution.

Since a conspiracy, by its very nature, is often secret, neither the existence of the common agreement or scheme, nor the fact of any defendant's participation in it need be proved by direct evidence.  Both may be inferred from the development and course of dealings between the particular defendant and other conspirators.


Pattern Criminal Jury Instruction, Fifth Circuit Judges
Association (West 1979), p.62; United States v. Lopez, 944 F.2d
33 (1st Cir. 1991); United States v. Guerro, 693 F.2d 10, 12 (1st
Cir. 1982); United States v. Stubbert, 655 F.2d 453, 456 (1st
Cir. 1981); United States v. Thompson, 621 F.2d 1147, 1151 (1st
Cir. 1980); United States v. Hathaway, 534 F.2d 386, 400-401 (1st

Cir.), <u>cert.</u> <u>denied</u>, 429 U.S. 819 (1976); <u>United States v.</u>
<u>Addonizio</u>, 451 F.2d 49, 74 (3d Cir. 1971) <u>cert.</u> <u>denied</u>, 405 U.S.
936 (1972); <u>United States v. Palladino</u>, 203 F.Supp. 35, 37-38
(D.Mass. 1962).

## MEMBERSHIP IN THE CONSPIRACY

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourself whether the defendant was a member of the conspiracy.  In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly or willfully joined the conspiracy.  Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

The extent of a defendant's participation and role in the conspiracy is not determinative of that defendant's guilt or innocence.  Two persons may be found to have conspired even though the evidence of and the scope of one's role is much greater than the evidence of and the scope of the other's role.

However, the government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the conspiracy.  This means that in order to meet its burden the government must show that the defendant agreed to participate, directly or indirectly, in the violation of law.

A member of a conspiracy need not know the names, identities or even the number of all his co-conspirators.  Nor need the government prove that a member of the conspiracy was aware of all the details of the conspiracy.  An individual who joins a criminal venture with an indefinite outline takes his chances as

41

to its membership and content, so long as they fall within the
common purposes of the conspiracy as that member understands
them.

United States v. Boylan, 898 F.2d 230, 241-3 (1st Cir. 1990),
cert. denied, 111 S.Ct. 139 (1990); United States v. Bruant, 364
F.2d 598, 603 (4th Cir. 1966); Hernandez v. United States, 300
F.2d 114, 122 (9th Cir. 1962); United States v. Andolschek, 142
F.2d 503, 507 (2d Cir. 1944) (L. Hand).

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.  This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.

43

If the acts were done or the statements made by someone you do

not find to have been a member of the conspiracy, or if they were

not done or said in furtherance of the conspiracy, they may not

be considered by you as evidence against a particular defendant.


United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977);
L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9
(1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir.
1988) ("As long as it is shown that a party, having joined a
conspiracy, is aware of the conspiracy's features and general
aims, statements pertaining to the details of plans to further
the conspiracy can be admitted against the party even if the
party does not have specific knowledge of the acts spoken of.").
Devitt and Blackmar, Federal Jury Practice and Instructions,
§14.13 (3d ed. 1977).

44

**COUNT II:        POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE
                   21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii)**

JONATHAN MATOS and RAMON DIAZ are charged in Count II of the
Indictment with possessing cocaine with intent to distribute, or
aiding and abetting the possession of cocaine with intent to
distribute, on or about February 26, 2004, in violation of 21
U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).  It is against federal
law to possess cocaine with the intention of distributing it to
someone else, or to aid and abet that conduct.

Count II of the Indictment reads:

On or about February 26, 2004, in New Bedford, in the
District of Massachusetts,

JONATHAN MATOS AND RAMON DIAZ

defendants herein, did knowingly and intentionally possess with
intent to distribute cocaine, a Schedule II controlled substance.
     All in violation of Title 21, United States Code, Section
841(a)(1) and Title 18, United States Code, Section 2.

For you to find a defendant guilty of this crime, you must
be convinced that the government has proven each of the following
elements beyond a reasonable doubt:

**First**, that on or about February 26, 2004, the defendant
possessed cocaine, either actually or constructively;

**Second**, that they did so with a specific intent to distribute
the cocaine over which they had actual or constructive
possession; and

**Third**, that they did so knowingly and intentionally.

45

It does not matter whether the defendant knew that the substance
at issue was cocaine.  It is sufficient that the defendant knew
that it was some kind of prohibited drug.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22
(1998);
United States v. Kairouz, 751 F.2d 467 (1st Cir. 1985)
United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see
also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir.
1993); United States v. Morales-Cartagena, 987 F.2d 849, 852 (1st
Cir. 1993).
21 U.S.C. § 812(a)(4)

### POSSESSION

The first element the government must prove is that a
defendant knowingly possessed a quantity of cocaine.  The term
"possess" has the same meaning for Counts II, III, and IV of the
Indictment, and means to exercise authority, dominion, or control
over something.  It is not necessarily the same as legal
ownership.  The law recognizes different kinds of possession,
including actual possession, constructive possession, and joint
possession.

A person who has direct physical control of something on or
around his person is in actual possession of it.  That is, a
person who physically holds a controlled substance or a firearm
or has it on his person is in actual possession of that substance
or firearm.

A person who is not in actual possession, but who knowingly
has both the power and the intention to exercise control over
something, is in constructive possession of it.  The law
recognizes no distinction between actual and constructive
possession; either form of possession is sufficient.

Possession also includes both sole and joint possession.  If
one person alone has actual or constructive possession,
possession is sole.  If two or more persons share actual or
constructive possession, possession is joint.  The element of
possession is proved if you find beyond a reasonable doubt that
the defendant had actual or constructive possession, either alone

47

or jointly with others.  It is not necessary to prove ownership

of the object.


First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06
(1998);
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997);
United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994);
United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir. 1989);
1A Kevin F. O'Malley et al., Federal Jury Practice and
Instructions, § 16.05 (5th ed. 2000);
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No.
     35-49 (1999).

## INTENT TO DISTRIBUTE

The intent to distribute is typically established through circumstantial evidence.  In determining whether JONATHAN MATOS or RAMON DIAZ intended to distribute any prohibited drug which you conclude was in his possession, you may consider all the surrounding circumstances.

It is not necessary for you to be convinced that a defendant actually delivered a prohibited drug to someone else or that either defendant made any money out of any such delivery.  It is enough for the government to prove, beyond a reasonable doubt, that a defendant had in his possession a substance that he knew was a prohibited drug, and that he intended to transfer it (or some of it) to someone else, with or without any financial interest in the transaction.

A person's intent may be inferred from the surrounding circumstances.  Intent to distribute may, for example, be inferred from a quantity of drugs larger than needed for personal use.  In other words, if you find that the defendant possessed a quantity of cocaine – more than that which would be needed for personal use – then you may infer that the defendant intended to distribute cocaine.  The law does not require you to draw such an inference, but you may draw it.


First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22 (1998);

49

<u>United States v. Echeverri</u>, 982 F.2d 675, 678-79 (1st Cir.1993) (considering layout of defendant's apartment, amount of cocaine found, and the presence of a scale and a ledger as corroborative of intent to distribute); <u>United States v. Latham</u>, 874 F.2d 852, 863 (1st Cir. 1989); <u>see</u> <u>also</u> <u>United States v. Akinola</u>, 985 F.2d 1105, 1109 (1st Cir. 1993); <u>United States v. Morales-Cartagena</u>, 987 F.2d 849, 852 (1st Cir. 1993).

## COUNT II - AIDING AND ABETTING

There is a second way for the government to prove that
JONATHAN MATOS or RAMON DIAZ is guilty of Count II of the
Indictment.  Count II also charges the defendants with aiding and
abetting the possession of cocaine with intent to distribute.

To "aid and abet" means intentionally to help someone else
commit a crime.  To establish aiding and abetting, the government
must prove beyond a reasonable doubt that (1) someone else
committed the charged crime and (2) the defendant willfully
associated himself/herself in some way with the crime and
willfully participated in it as he/she would in something he/she
wished to bring about.  This means that the government must prove
that defendant consciously shared the other person's knowledge of
the underlying criminal act and intended to help him/her.  A
defendant need not perform the underlying criminal act, need not
be present when it is performed, and need not be aware of the
details of its execution to be guilty of aiding and abetting.
But a general suspicion that an unlawful act may occur or that
something criminal is happening is not enough.  Mere presence at
the scene of a crime and knowledge that a crime is being
committed are also not sufficient to establish aiding and
abetting.

An act is done "willfully" if done voluntarily and
intentionally with the intent that something the law forbids be

51

done - that is to say with bad purpose, either to disobey or disregard the law.

Therefore, in reaching a verdict on Count II of the Indictment you must consider not only whether JONATHAN MATOS and RAMON DIAZ possessed cocaine with intent to distribute it; you must also consider whether, even if a defendant did not possess the cocaine himself, he nonetheless aided and abetted some other person who possessed the cocaine with intent to distribute it.


<u>First Circuit Pattern Jury Instruction (Criminal)</u> Inst. 4.02 (1998)(adapted).

**COUNT III:**    **POSSESSING A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME 18 U.S.C. § 924(c)(1)(A)**

JONATHAN MATOS and RAMON DIAZ are charged in Count III of

the Indictment with possession of a firearm in furtherance of the

crime of conspiring to possess cocaine with the intent to

distribute it (as charged in Count I) and the crime of possession

with intent to distribute cocaine (as charged in Count II), in

violation of 18 U.S.C. § 924(c).  Count III of the Indictment

reads:

On or about February 26, 2004, in New Bedford, in the
District of Massachusetts,

JONATHAN MATOS AND RAMON DIAZ

defendants herein, did possess a firearm, to wit: a Rossi .357
caliber revolver, Model M971, bearing serial number F099216, and
six rounds of .357 caliber ammunition, in furtherance of drug
trafficking crimes, to wit: conspiracy to distribute and to
possess with the intent to distribute a quantity of cocaine as
charged in Count One of this indictment, and possession with the
intent to distribute a controlled substance, as charged in Count
Two of this indictment.
All in violation of Title 18, United States Code, Sections
924(c)(1)(A).

For you to find a defendant guilty of this crime, you must

be satisfied that the government has proven each of the following

things:

**First**:    **either:** 1) that the defendant committed the crime
of conspiring to possess cocaine with the intent
to distribute it on or about December 4, 2003 to
on or about February 26, 2004, as described in
Count I of the Indictment; **or** 2) he committed the
crime of possession of cocaine with intent to
distribute on or about February 26, 2004, as
described in Count II of the Indictment; and

**Second**:   that the defendant knowingly possessed a firearm
in furtherance of the crime charged in Count I or
Count II.

Let me explain the second element of the offense in more
detail.   I have already defined for you the term "possess."

Something is done "knowingly" if it is done voluntarily and
intentionally, and not because of ignorance, mistake or accident.

The term "firearm" means any weapon which will or is
designed to or may readily be converted to expel a projectile by
the action of an explosive; the frame or receiver of any such
weapon; any firearm muffler or firearm silencer; or any
destructive device.   The term "firearm" includes handguns,
rifles, and shotguns.

The parties here have stipulated that the item marked as
Government's Exhibit 23 is a firearm, that is a weapon which will
or is designed to expel a projectile by the action of any
explosive.   The firearm is a Rossi .357 caliber revolver, Model
M971 and was operable on February 26, 2004.

To possess a firearm in furtherance of a crime means to
possess it in a way the furthers, advances, or helps forward the
underlying crime.   The government must prove that the defendant's
possession of the firearm was for the purpose of assisting in,
promoting, accomplishing, advancing, or achieving the goal of the
drug trafficking crime.   Thus, the government has satisfied the
possession prong only if you are convinced that the firearm

54

played or was intended to play a role in the accomplishment of

the drug conspiracy or the possession with intent to distribute

cocaine.

Adapted from <u>Hornby's 2003 Revision to First Circuit Pattern Jury</u>
<u>Instructions</u> (12/5/03) §4.18.924; First Circuit Pattern Jury
Instruction (Criminal) Inst. 4.07 (1998); <u>United States v.</u>
<u>Felton</u>, 417 F3d 97, 104-105 (2005)(possession in furtherance);
<u>United States v. Grace</u>, 367 F.3d 29, 35-36 (1st Cir.
2004)(possession in furtherance);<u>United States v. Tracy</u>, 36 F.3d
187, 194-95 (1st Cir. 1994)(definition of knowingly); <u>United</u>
<u>States v. Valle</u>, 72 F.3d 210, 217 (1st Cir. 1995)(definition of
use); <u>Bailey v. United States</u>, 116 S. Ct. 501, 505-09
(1995)(definition of use); <u>United States v. Ceballos-Torres</u>, 218
F.3d 409, 415 (5th Cir. 2000)(possession in furtherance); <u>United</u>
<u>States v. Sparrow</u>, 371 F.3d 851, 853-854 (3rd Cir.
2004)(possession in furtherance); <u>United States v. Basham</u>, 268
F.3d 1199, 1206 (10th Cir. 2001); <u>United States v. Mackey</u>, 265
F.3d 457, 460-61 (6th Cir. 2001).

## COUNT III – PINKERTON LIABILITY

There is a second way you can find a defendant guilty on Count III of the Indictment if you find that he did not possess a firearm himself.  A defendant who has been found to have participated in a conspiracy may be held responsible for certain criminal acts of the other co-conspirators, including the crime charged in Count III of the Indictment.

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the conspiracy may be found by you to be acting as the agent of the other members of the conspiracy.  The illegal actions of this person in committing this other crime may be attributed to other individuals who are then members of the conspiracy.  Under certain conditions, therefore, a particular defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense or even know about its commission.

With respect to Count III, if you have not found a defendant possessed the firearm himself, you may nonetheless find him guilty if you find, beyond a reasonable doubt, the following:

**First:**        That the defendant and one or more other persons committed the crime charged in Count I, a conspiracy to possess with intent to distribute cocaine;

**Second**:       That one or more other persons that committed

56

the conspiracy crime charged in Count I also committed the crime charged in Count III, by possessing the firearm in furtherance of the conspiracy;

**Third**:        That the crime of possessing the firearm in furtherance of the conspiracy was committed in furtherance of the common plan and understanding found by you to exist among the co-conspirators;

**Fourth**:       That the defendant was a member of the conspiracy at the time the possessing of the firearm occurred and had not withdrawn from it; and

**Fifth**:        That the defendant could have reasonably foreseen that the crime of possessing the firearm in furtherance of the conspiracy might be committed by one or more of his co-conspirators.

With respect to Count III, if you find all five of these elements have been proven beyond a reasonable doubt, then you may find the defendant guilty, even if he did not personally possess, the firearm and even if he did not have actual knowledge of his co-conspirator's intent to possess the firearm.

Adapted from Hornby's 2003 Revision to First Circuit Pattern Jury Instructions (12/5/03) §4.18.371(2); Adapted from 1 Leonard B. Sand, et al., Modern Federal Jury Instructions, § 19.03, Instruction No. 19-13 (1995); 2 Edward J. Devitt , et al., Federal Jury Practice and Instructions, § 28.10 (4th ed. 1990); Pinkerton v. United States, 328 U.S. 640, 645-6 (1946); United States v. Alvarez, 626 F.2d 208, 210 (1st Cir. 1980). Pinkerton instructions have frequently been applied in the context of 18 U.S.C. §924(c). See, e.g., United States v. Flecha-Maldonado, 373 F.3d 170, 179 (1st Cir. 2004); United States v. Shea, 150 F.3d 44, 50 (1st Cir. 1998); United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir. 1989), cert. denied, 494 U.S. 1089 (1990); United States v. Golter, 880 F.2d 91, 93-4 (8th Cir. 1989); United States v. Raborn, 872 F.2d 589, 595-6 (5th Cir. 1989); United States v. Diaz, 864 F.2d 544, 547-9 (7th Cir. 1988), cert. denied, 490 U.S. 1070 (1989).

**COUNT IV:**          **Possession of a Firearm by a Convicted Felon**

Count Four of the Indictment charges the only Defendant

RAMON DIAZ with violating Section 922(g)(1) of Title 18 of the

United States Code.  This is a criminal statute which provides

that it is unlawful for any person who has been convicted in any

court of a crime punishable by imprisonment for a term exceeding

one year to possess any firearm or ammunition in or affecting

commerce.  Count IV of the Indictment reads:

On or about February 26, 2004, in New Bedford, in the
District of Massachusetts,

RAMON DIAZ

defendant herein, did knowingly possess, in and affecting
commerce, after having been convicted of a crime punishable by a
term of imprisonment in excess of one year, a firearm and
ammunition, to wit: a Rossi .357 caliber revolver, Model M971,
bearing serial number F099216, and six rounds of .357 caliber
ammunition.

All in violation of Title 18, United States Code, Sections
922(g)(1).

Thus, in order to find the defendant guilty, you must be

satisfied beyond a reasonable doubt of the following three

elements:

**FIRST:**       That, at the time of possession, the defendant
                RAMON DIAZ had previously been convicted in any
                court of a crime punishable by imprisonment for a
                term exceeding one year;
**SECOND:**      That the defendant RAMON DIAZ knowingly possessed a
                firearm or ammunition; and
**THIRD:**       That such possession was in or affecting commerce.


18 U.S.C. §922(g)(1); <u>United States v. Ramos</u>, 961 F.2d 1003 (1st
Cir. 1992).

## COUNT IV:PRIOR FELONY CONVICTION

The parties have stipulated that Defendant Ramon Diaz had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

**PROOF OF KNOWLEDGE**

The Second element of Count Four, knowingly possessing a firearm or ammunition, has just been defined for you in describing the elements of Count Three.

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence. Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm or ammunition is possessed knowingly if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Devitt and Blackmar, Federal Jury Practice and Instructions, §14.04 and §59.04 (3d ed. 1977 and 1990 cum supp.); Sand, Modern Federal Jury Instructions, No. 6-17 (1989).

60

### COUNT IV: INTERSTATE COMMERCE

The parties have stipulated that the firearm was manufactured in Brazil and was imported in the United States through Alexandria, Virginia and therefore crossed an international boundary or state line prior to February 26, 2004.

Additionally, the parties have stipulated that the ammunition was not manufactured in Massachusetts and therefore crossed a state line prior to February 26, 2004.

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);

United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975);
Devitt and Blackmar, Federal Jury Practices and Instructions,
§59.40 (3d ed. 1977 and 1990 cum. supp.);
Sand, Modern Federal Jury Instructions, No. 35-55 (1989).

**LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE**

Although the Indictment charges in the conjunctive "and," the government only needs to prove in the disjunctive "or."  For example, Count I charges the defendants with conspiring "to possess with intent to distribute <u>and</u> to distribute a quantity of cocaine."  However, the government only needs to prove that they conspired to possess with intent to distribute <u>or</u> conspired to distribute cocaine.  Thus, with respect to the Indictment, you should read the word "and" as the word "or."

<u>United States v. McCann</u>, 465 F.2d 147, 162 (5th Cir. 1972); <u>Fields v. United States</u>, 408 F.2d 885, 887 (5th Cir. 1969).

63

**"ON OR ABOUT" and "IN OR ABOUT"- EXPLAINED**

The Indictment charges that the crimes were committed "on or about" or "in or about" certain dates.  For example, Count I charges that the conspiracy was committed "From on or about December 4, 2003, and continuing until on or about February 26, 2004."  Although it is necessary for the government to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions</u>, §13.05 (4th ed. 1992).

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.01 (1998)

65

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.02 (1998)

**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own

67

conscientious determination.  Do not surrender an honest

conviction as to the weight and effect of the evidence simply to

reach a verdict.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.03

(1998);

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.05 (1998);

69

**VERDICT FORM**

for DEFENDANT **JONATHAN MATOS**

<u>Count One</u> - Jonathan Matos:

Conspiracy to Distribute
Cocaine                                    <u>Guilty</u>              Not
                                                                <u>Guilty</u>
                                              ☐                  ☐


<u>Count Two - Jonathan Matos:</u>

Possession of Cocaine
with Intent to Distribute                  <u>Guilty</u>              Not
                                                                <u>Guilty</u>
                                              ☐                  ☐


<u>Count Three - Jonathan Matos:</u>

Possession of a Firearm
in Furtherance of a
Drug Trafficking Crime                     <u>Guilty</u>              Not
                                                                <u>Guilty</u>
                                              ☐                  ☐


For DEFENDANT **RAMON DIAZ**

<u>Count One - Ramon Diaz</u>:

Conspiracy to Distribute
Cocaine                                    <u>Guilty</u>              Not
                                                                <u>Guilty</u>
                                              ☐                  ☐


<u>Count Two - Ramon Diaz:</u>

Possession of Cocaine
with Intent to Distribute                  <u>Guilty</u>              Not
                                                                <u>Guilty</u>
                                              ☐                  ☐


<u>Count Three - Ramon Diaz:</u>

Possession of a Firearm
in Furtherance of a
Drug Trafficking Crime                     <u>Guilty</u>              Not
                                                                <u>Guilty</u>
                                              ☐                  ☐

<u>Count Four - Ramon Diaz:</u>

Possession of a Firearm
by a Convicted Felon

<u>Guilty</u>

☐

Not
<u>Guilty</u>

☐

I, _____, certify that this is the verdict of

    (Jury foreperson)

the unanimous jury.

Dated: _____.

72