## AFFIDAVIT OF SPECIAL AGENT SHEILA M. O'HARA

I, Sheila M. O'Hara, having been duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been an ATF Special Agent for over 18 years, and during that time I have been involved in numerous investigations of violations of federal firearms and narcotics laws. I am currently assigned to a group in the Boston Field Division of ATF that, in part, works with other federal law enforcement agencies, and state and local police departments in and around the metropolitan Boston area to investigate and prosecute violations of federal firearms, explosives and controlled substance laws.

2. I am the case agent assigned to United States v. Jonathan Matos and Ramon Diaz, Criminal No. 04-10237-NG, which is scheduled for trial on May 23, 2006. Jonathan Matos ("Matos") and Ramon Diaz ("Diaz") are charged with the following offenses: count one charges both defendants with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; count two charges both defendants with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); count three charges both defendants with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and count four charges Diaz

    individually with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Both defendants are on release awaiting trial.

3. During the course of the investigation, it was revealed that Matos and Diaz were selling narcotics in New Bedford from December 2003 through February 2004. During that time, the two men used five different vehicles to transport and deliver narcotics. In addition, the license plates were frequently exchanged among the vehicles. Of the five vehicles used by Matos and Diaz, only one was registered to one of the defendants, Diaz. Of the remaining four vehicles, one was rented from Enterprise Rental Company by an individual named Angel Quinones. The three remaining vehicles used by Matos and Diaz were each registered to one of the following individuals: (1) Angel Quinones; (2) Jesus Mendoza; and (3) Elliot Cordero ("Cordero").

4. On June 16, 2004, Elliot Cordero ("Cordero"), year of birth 1977, 109 Bullard Street, 2nd Floor Apartment, New Bedford, Massachusetts, testified before a federal grand jury sitting in the District of Massachusetts. Cordero testified that in or about January 2004, Matos asked him to register a green Mazda Millenium for Matos. Matos explained to Cordero that if Cordero registered the car, the insurance would be cheaper and that Matos would pay for it. Cordero registered

the car and paid the insurance with money that Matos gave him. Cordero testified that he saw Matos affix the registration plates to the Mazda and on occasion saw Matos driving the car in New Bedford. Cordero testified that Matos did not pay him to register the vehicle.

5. Three days after Cordero registered the Mazda in his name, New Bedford Police Detective Shain Ramos observed the registration plate attached to a different car, a white Plymouth Voyager. Approximately one month later, Matos and Diaz were arrested while driving the green Mazda Millenium. On that date, the Cordero registration plate was again affixed to the green Mazda Millenium.

6. I submit this affidavit in support of a request for the issuance of a material witness warrant pursuant to 18 U.S.C. § 3144 for the arrest of Cordero.

7. On May 9, 2006, I delivered a federal trial subpoena to Cordero's home, 109 Bullard Street, 2nd Floor Apartment, New Bedford, Massachusetts. The trial subpoena commanded Cordero's appearance on May 23, 2006 at the United States Courthouse, 1 Courthouse Way, Boston, Massachusetts for the trial of Matos and Diaz. Cordero's uncle, Jose Bravo ("Bravo"), accepted service of the subpoena and said that he would get the subpoena to Cordero. I told Bravo that Cordero should contact me upon receipt of the subpoena.

8. On May 16, 2006, I went to 109 Bullard Street and spoke to Bravo again. He indicated that he had given the subpoena to Cordero and that on May 11, 2006, Cordero went to Puerto Rico to visit his sick grandfather. Bravo also said that Cordero told him that Cordero had called me. Cordero has never called me.

9. Bravo gave me Cordero's cellular telephone number and I called the number in Bravo's presence. There was no answer but I left a message identifying myself and indicating that I understood that Cordero was aware of the subpoena because Bravo had given it to him. I told Cordero that he was not in trouble, but would be if he did not show up on May 23, 2006. I told Cordero to call me within 24 hours and that we would fly him back from Puerto Rico to Boston.

10. On May 17, 2006, Detective Shain Ramos of the New Bedford Police Department went to GEC Durham Industries, Inc. at 255 Samuel Barnet Blvd., New Bedford, Massachusetts. There he spoke to Stephanie McGraw ("McGraw"), a representative of the company. McGraw said that Cordero was an employee of the company but was currently away visiting his sick grandfather in Puerto Rico and was due back to work on June 6, 2006.

11. As of today, Cordero has still not called me as I had requested.

4

12. Based on the information above, I believe that Cordero is aware of the subpoena compelling his attendance on May 23, 2006 at the United States District Court and has left the country in order to avoid having to appear.

_____
Sheila M. O'Hara
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives


Subscribed and sworn to before me this 14th day of May, 2006.

_____
Marianne B.
United States Magistrate Judge